UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN NOBLE,

        Petitioner,               Case No. 2:20-cv-13373
                                                   Hon. Arthur J. Tarnow

v.

SHANE JACKSON,

        Respondent.
_____/

**ORDER TRANSFERRING THE CASE TO THE WESTERN DISTRICT OF MICHIGAN**

      Petitioner Marvin Noble, a state prisoner incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a pro se habeas corpus petition under 28 U.S.C. § 2241 and an emergency motion for a temporary restraining order. (ECF Nos. 1 and 2.) The petition does not challenge the validity of Petitioner's state court conviction. Rather, Petitioner asserts that due to the conditions at his facility with respect to the spread of COVID-19 and his sickle cell anemia condition, his continued incarceration violates his constitutional rights. He seeks his immediate release to home detention.

      A state prisoner in a state that has two or more federal judicial districts may normally file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). The district having custody of the prisoner and the district where the prisoner was

*Noble v. Jackson*, No. 20-13373

convicted and sentenced have concurrent jurisdiction to entertain the application. *Id*. A Court in the district where the petition was filed may, in the exercise of its discretion and in furtherance of justice, transfer the application to the other district for a hearing and determination. *Id*.; see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Here, the petition for writ of habeas corpus is not attacking Petitioner's conviction. Indeed, he does not even reveal the county of conviction in his petition. Instead, his petition and motion for a TRO are solely focused on challenging the conditions of his confinement due to the spread of COVID-19 at his place of confinement in Muskegon County, which is within the geographical confines of the Western District of Michigan. See 28 U.S.C. § 102(b)(2).

Because of the potential inconvenience and expense of moving Petitioner between his facility and the Court for any hearings and because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the interests of justice are furthered by a transfer of the case to the Western District of Michigan.

*Noble v. Jackson*, No. 20-13373

Other Judges in this district have reached the same conclusion in similar cases seeking habeas relief under Section 2241 due to the COVID-19 pandemic. See *Wilkes v. Rewerts*, No. 20-cv-11737, 2020 U.S. Dist. LEXIS 136012 (E.D. Mich. July 31, 2020) (Hood, Chief Judge) (transferring habeas action brought under Section 2241 to the Western District of Michigan); *Reed v. Washington, et al.*, No. 20-cv-11669, 2020 U.S. Dist. LEXIS 120421 (E.D. Mich. July 9, 2020) (Cox, District Judge) (same); *Whitley v. Horton*, No. 20-cv-11533, 2020 U.S. Dist. LEXIS 127819 (E.D. Mich. July 21, 2020) (Murphy, District Judge) (same); *Sosby v. Brown*, No. 20-cv-11343, 2020 U.S. Dist. LEXIS 101392 (E.D, Mich. June 10, 2020) (Lawson, District Judge) (same); *Smith-Bey v. Jackson*, No. 20-cv-12965, 2020 U.S. Dist. LEXIS 224339 (E.D. Mich. Dec. 1, 2020) (Leitman, District Judge) (same).

Accordingly, it is **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Western District of Michigan.

                                          **s/Arthur J. Tarnow**
                                          Hon. Arthur J. Tarnow
                                          United States District Judge

Dated: January 7, 2021